IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TONY ANTHONY GRIFFIN                                                           PLAINTIFF
ADC #150964

v.                           No: 4:23-cv-00732-BRW-PSH

JANICE BLAKE                                                                        DEFENDANT

## ORDER

Plaintiff Tony Anthony Griffin filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 7, 2023, while incarcerated at the Arkansas Division of Correction's North Central Unit (Doc. No. 1). After being directed to do so, Griffin filed an application for leave to proceed *in forma pauperis* (Doc. No. 3). The Court grants Griffin's motion and assesses an initial partial filing fee of $2.31. Griffin will be obligated to make monthly payments in the amount of twenty percent (20%) of the preceding month's income credited to his prison trust account each time the amount in the account exceeds $10.00. Griffin's custodian (and any future custodian) is requested to send the Clerk of the Court the initial partial filing fee and monthly payments from his prison trust account when the amount exceeds $10.00, until the $350 statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments also must be clearly identified by the name and number assigned to this action. The Clerk of the Court is directed to send a copy of this order to the warden

of the North Central Unit, the ADC Trust Fund Centralization Bank Office, and the ADC Compliance Office.

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.

The Court directs Griffin to file an amended complaint to clarify his claims. He alleges that Janice Blake charged him with a false disciplinary and did not afford him a hearing. Doc. No. 1 at 4.  He does not provide the date of this disciplinary, state what the outcome of those charges were, or describe how he was punished as a result of any conviction.  *Id.*  Griffin must therefore amend his complaint to clearly describe why he believes his constitutional rights have been violated.[1] He should also explain whether this lawsuit concerns the same disciplinary at issue in *Griffin v. Payne, et al.,* 4:23-cv-00524-BRW-PSH (failure-to-protect claim against Curtis

---

[1] A plaintiff cannot maintain a due process claim based on the disciplinary process unless he can "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003).  A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847.  "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

Holcomb allowed to proceed, while claims against Janice Blake arising from a May 2023 disciplinary conviction were dismissed for failure to state a claim upon which relief may be granted).

Griffin is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event Griffin fails to file an amended complaint conforming to this order within 30 days, this case may be dismissed. The Clerk of Court is directed to send a blank § 1983 complaint form to Griffin.

IT IS SO ORDERED this 28th day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE