# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TONY ANTHONY GRIFFIN**                                                           **PLAINTIFF**
**ADC #150964**

v.                                  No: 4:23-cv-00732-BRW-PSH

**JANICE BLAKE**                                                                    **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Tony Anthony Griffin filed a *pro se* complaint on August 7, 2023, while incarcerated at the Arkansas Division of Correction's North Central Unit (Doc. No. 1). The Court subsequently granted Griffin's application to proceed *in forma pauperis* and directed him to file an amended complaint (Doc. No. 4). The Court

has reviewed Griffin's amended complaint (Doc. No. 5) and recommends that his claims be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.

42 U.S.C. § 1983. Griffin alleges that defendant Janice Blake did not provide him a fair disciplinary hearing on April 10, 2022, and retaliated against him.[1]  Doc. No. 5 at 4-5. The Court recommends dismissal of Griffin's claims against Blake for the reasons described below.

**Due Process.**  Griffin has not described a viable due process claim against Blake based on her role in the disciplinary process. He cannot maintain a due process claim unless he can "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846, (8th Cir. 2003). Griffin does not claim he was deprived of life or property; accordingly, he must identify the deprivation of a liberty interest sufficient to sustain a due process challenge to his prison disciplinary proceeding. *Id.* at 847; *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner's liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

---

[1] Griffin raised similar claims against Blake in *Griffin v. Payne, et al.,* 4:23-cv-00524-BRW-PSH. Those claims were dismissed for failure to state a claim. It is not entirely clear, but it appears the claims he raises in this case are based on the same hearing at issue in *Griffin v. Payne.*

Griffin does not specifically describe the punishment he received as a result of the disciplinary. *See* Doc. No. 5 at 4-6. He states that he was denied parole and generally alleges that his punishment had an effect on his medical treatment, but he provides no specific facts to support that allegation. *Id.* at 5. An inmate has no liberty interest in the possibility of parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979); *Jackson v. Nixon*, 747 F.3d 537, 551 (8th Cir. 2014). Griffin's general allegation that he did not receive appropriate medical treatment as a result of his disciplinary conviction is insufficient to support a viable due process claim against Blake. He does not describe the treatment he failed to receive or why his disciplinary conviction resulted in a loss of medical treatment. His due process claim against Blake should therefore be dismissed for failure to state a claim upon which relief may be granted.

**Retaliation.** Griffin also fails to describe a viable retaliation claim against Blake. To state a § 1983 retaliation claim, a plaintiff must allege: (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity. *See Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). Speculative and

conclusory, or *de minimis,* allegations cannot support a retaliation claim.  *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam).

Griffin generally alleges that Blake retaliated against him in the disciplinary process because he had "filed a lawsuit and grievance on ADC worker," and for "turning Mary Cobbs in for sexual harassment and filing a lawsuit against Dexter Payne."  Doc. No. 5 at 4-5.  He also alleges that Blake knew about a grievance he filed against Curtis Holcumb.  *Id.* at 5.  He does not provide further details about any of these grievances or lawsuits or explain why Blake would be motivated to retaliate against him because of them.  He does not claim that Blake retaliated against him for grievances or lawsuits he had submitted naming her.  His claim that she retaliated against him because of grievances or lawsuits he filed against other persons is too conclusory to support a First Amendment retaliation claim; accordingly, Griffin's retaliation claim against Blake should be dismissed for failure to state a claim upon which relief may be granted.

**Failure to Protect**.  Griffin also generally alleges that Blake helped others cover up his rape and that he fears he will not get any help if he is raped again.  Doc. No. 5 at 5-6.  To the extent he attempts to state an Eighth Amendment failure-to-protect claim against Blake, he fails to do so.  To succeed on a failure-to-protect claim, an inmate must show that there was a substantial risk of serious harm to him and that defendants were deliberately indifferent to that risk.  *See Irving v. Dormire,*

519 F.3d 441, 447 (8th Cir. 2008). Griffin provides no details regarding a rape such as when it occurred, who raped him, or how Blake was involved in allegedly covering it up. He also alleges no facts regarding why he fears it would happen again. These vague and conclusory allegations are insufficient to state a viable constitutional claim against Blake and should be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Griffin's claims against Blake be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

It is so recommended this 17th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE